**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KEVIN R. MAYBERRY,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **7:02-CV-107 (HL)** |
| **WILLIAM TERRY,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |
| | : | |

**ORDER**

Before the Court is a Report and Recommendation (Doc. 20) from United States Magistrate

Judge Richard L. Hodge that recommends denying Petitioner's Habeas Corpus Petition (Doc. 2).

Petitioner has subsequently filed an Objection (Doc. 21). Pursuant to 28 U.S.C. § 636, the Court has

thoroughly considered Petitioner's Habeas Corpus Petition, the Recommendation, and Petitioner's

Objection. For the reasons discussed herein, the Recommendation is accepted and Petitioner's Habeas

Corpus Petition is denied.

Prior to filing in this Court, Petitioner filed a state Habeas Corpus Petition challenging his

1998 conviction and sentence for voluntary manslaughter. The state Petition was denied by the state

trial court on September 25, 2001, and the Supreme Court of Georgia denied the Petitioner's

Application for Certificate of Probable Cause to Appeal on September 18, 2002. Petitioner then filed

this federal Habeas Corpus Petition, pursuant to 28 U.S.C. § 2254, alleging seven separate grounds

for relief. In the Recommendation, Magistrate Judge Hodge throughly discusses each ground and

based, for the most part, on the decision of the state habeas court recommends that the Petition be

denied. Petitioner objects to the Recommendation, argues that the state habeas court is not entitled

to a presumption of correctness, and asserts he did not receive a full and fair hearing or trial.

Dockets.Justia.com

The facts underlying Petitioner's claim are certainly troubling. The disparity in the sentence Petitioner received and the sentence his co-defendant receive is startling. His trial counsel's failure to secure expert testimony as to the issue of causation also raises concern. Nevertheless, the Court has no choice but to deny the Petition based on the decision of the state habeas court. Under the Antiterrorism and Effective Death Penalty Act of 1996, the state habeas court's factual findings are entitled to a presumption of correctness and the court's decision may not be overturned unless it is clearly contrary to law or an unreasonable interpretation of relevant authority. See 28 U.S.C. § 2254(d), (e) (2000). Therefore, a federal habeas court may not grant a petition simply because the court in its independent judgment would have reached a different decision. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000). Here, the state habeas court correctly followed the relevant authority and came to an objectively reasonable determination. As such, the Court is forced to accept the Recommendation and deny Petitioner's Habeas Corpus Petition.

SO ORDERED, this the 18th day of September, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs